O

Closed

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | | |
|---|---|---|
| WELTON WHEELER, | ) | Case No. [CV 08-02340 GAF] |
| | ) | CR 04-00329 GAF ✓ |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER DENYING MOTION TO** |
| | ) | **DISQUALIFY** |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | [Motion filed on July 20, 2009] |
| _____ | ) | |

This matter comes before the Court on Petitioner Welton Wheeler's motion to disqualify Judge Gary A. Feess. Based on the materials submitted and the issues raised therein, the Court denies the motion and adopts the following order.

**I.   BACKGROUND**

In October 2005, Petitioner was convicted on multiple drug and firearm counts and was sentenced, pursuant to 21 U.S.C. § 851, to life in prison plus a concurrent 120 months on a firearm count. The Ninth Circuit Court of Appeals affirmed his convictions. U.S. v. Wheeler, 224 Fed. Appx. 639 (9th Cir. 2007).

///

1   Petitioner then moved to vacate and set aside his sentence,
2 pursuant to 28 U.S.C. § 2255, on the grounds of government
3 misconduct and ineffective assistance of counsel.  In a minute
4 order dated June 10, 2009, the Court denied the motion.
5   Petitioner now moves to disqualify Judge Feess.  Petitioner
6 asserts that Judge Feess's impartiality can be reasonably
7 questioned due to his conduct at trial, where he "questioned the
8 petitioner while testifying on the stand, in a manner that had the
9 effect of impeaching the petitioner's credibility in front of the
10 jury."  (Mot. at 19.)
11   In its decision affirming Petitioner's convictions, the Ninth
12 Circuit held that "[t]o the extent the district court erred in
13 cross-examining defendant, any such error was harmless."  Wheeler
14 224 Fed. Appx. at 640 (citing United States v. Pena-Garcia, 505
15 F.2d 964, 967 (9th Cir. 1974)).  The concurring opinion, however,
16 noted that "the district court erred in taking on 'the task of the
17 prosecution' by cross-examining Wheeler in a manner that had the
18 effect of impeaching his credibility.'" Id. (Reinhardt, J.,
19 concurring) (citations omitted).
20
21 **II.  DISCUSSION**
22   A judge "shall disqualify himself in any proceeding in which
23 his impartiality might reasonably be questioned" and in proceedings
24 in which "he has a personal bias or prejudice concerning a party,
25 or personal knowledge of disputed evidentiary facts concerning the
26 proceeding."  28 U.S.C. § 455(a) & (b)(1).  The Ninth Circuit has
27 addressed the standard for disqualification:
28 ///

> The test under § 455(a) is "whether a reasonable person with knowledge of all the facts would conclude that the judge's impartiality might reasonably be questioned." []
>
> Typically, a judge's partiality must be shown to be based on information from extrajudicial sources, although sometimes, albeit rarely, predispositions developed during the course of a trial will suffice. [] In the instance where the partiality develops during the course of the proceedings, it can be the basis of recusal only when the judge displays a deep-seated and unequivocal antagonism that would render fair judgment impossible.

F.J. Hanshaw Enters., Inc. v. Emerald River Dev., Inc., 244 F.3d 1128, 1144-45 (9th Cir. 2001) (citations omitted).

The Court cannot say that Judge Feess's questioning of Petitioner demonstrates "deep-seated and unequivocal antagonism" nor that it would "render fair judgment impossible." Id. To the contrary, Petitioner asserted on appeal that he did "not contend that the district court deliberately tried to tilt the case" and that "the record as a whole tends to indicate that the court was particularly concerned to be balanced." Appellant's Opening Brief at 49-50, Wheeler, 224 Fed. Appx. at 639 (No. 06-50251), 2006 WL 2984110.

**III. CONCLUSION**

The Court DENIES Petitioner's motion to disqualify Judge Feess.

IT IS SO ORDERED.

Dated: September 2, 2009

DEAN D. PREGERSON
United States District Judge

3